**7**

TRUDI G. MANFREDO, Bar No. 166474
THE LAW OFFICE OF TRUDI G. MANFREDO
575 East Alluvial, Suite 103A
Fresno, California 93720
Telephone:  (559) 242-5577
Facsimile:  (559) 513-8148

Attorney for JAMES E. SALVEN
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| In the Matter of | Case No. 08-15141-A-7 |
| | Chapter 7 |
| LINDA L. PINSON fka LINDA STEVENSON, | TGM-2 |
| | Date:  May 7, 2013 |
| Debtor(s). | Time:  9:00 a.m. |
| | Dept.:  A, Courtroom 11, Fresno |
| | Honorable Fredrick E. Clement |

**CONTINUED MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF CERTAIN LIENS AND INTERESTS 11 U.S.C. §363(f)**

JAMES E. SALVEN, Chapter 7 Trustee of the above-captioned case ("Trustee"), respectfully represents as follows:

1.  Trustee is the duly appointed qualified and acting Trustee of the above-referenced Bankruptcy Estate.

2.  This Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a).  This is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (N).  This motion is brought pursuant to 11 U.S.C. §363(b)(f).

///

1

3. Debtor filed for relief under Chapter 13 of the Bankruptcy Code on August 25, 2008 and converted to a case under Chapter 7 on December 11, 2012.

4. Venue is proper in this Court pursuant to 28 U.S.C § 1409(a) by virtue of the pendency of this case before the Court.

5. One of the assets of the bankruptcy estate is real property located at 18639 August Avenue, Hilmar, California ("Real Property"), more particularly described on the Preliminary Title Report, filed concurrently herewith as **Exhibit 1** and incorporated herein by reference.

6. Trustee sought authorization to employ Coldwell Banker, Gonella Realty ("Broker"), 701 W. Olive Avenue, Merced, CA, which authorization was approved on February 7, 2013.

7. Trustee has received an offer from Gary Wedemeyer and Jodie and Eddie Huber, or nominee, ("Buyers") to purchase the Real Property for $520,000.00. A true and correct copy of the Purchase Agreement is filed concurrently herewith and incorporated herein by reference as **Exhibit 2**. Buyers have made a $5,000.00 deposit which is non refundable if Buyers fail to perform.

8. This property is being sold in an "as is, where is" condition with no warranties made by the Trustee.

9. The purchase price agreed upon with the Buyers is the highest and best offer received by the Trustee to date. The trustee believes the offer is reasonable.

///
///
///
///

1    10.  The real property is subject to the following liens and
2 encumbrances:

| Lien | Amount (Estimated) |
|---|---|
| First Deed of Trust | $355,747.87 |
| Broker's Commission | Amount (Estimated) |
|  | $ 31,200.00 |
| Tax Lien State of California | $ 1,799.87* |
| Costs of Sale | $ 10,400.00 |
| Debtor's Exemption | $ 50,000.00 |
| TOTAL | $449,147.74 |

* Disputed

11.  The estimated return to the Bankruptcy Estate is as follows: $520,000.00 (offer) (-) $449,147.74 = $70,852.26.

12.  On February 8, 2013, Debtor filed a name change document with this Court to change her name to Linda L. Pinson.  Trustee is informed and believe that this name change was submitted because Debtor married Teddy A. Pinson.

13.  On March 2, 2011, Debtor, an unmarried woman, recorded a grant deed as Instrument No. 2011-007461 of Official Records in Merced County transferring the property to Teddy A. Pinson and Linda L. Pinson, husband and Wife as joint tenants.

14.  The interest of Teddy A. Pinson is disputed for the following reasons: (1) This transfer done without court authority; (2) This transfer was done without the Debtor having obtained relief from the automatic stay as to the Chapter 13 Trustee.  Trustee is requesting that this sale be free and clear of this disputed interest with the interest, if any, to attach to the proceeds.

15.  As part of Debtor's Modified Chapter 13 Plan, she provided that the subject real property would be sold and the sales proceeds

would be used to pay creditors in full.

16. Section 6.02 of the plan provides as follows:

> Debtor is prohibited from transferring, encumbering, selling, or otherwise disposing of any personal or real property with a value of $1,000.00 or more other than in the regular course of Debtor's financial or business affairs without first obtaining court authorization.

17. At the time the Chapter 13 case was filed, General Order 05-03 was in effect. Section 10(e) provides as follows:

> If the Trustee will not give the consent required by subparagraphs (a), (b), (c), or (d) of this paragraph, or if the debtor wishes to incur new debt or transfer property on terms and conditions not authorized by subparagraphs (a), (b), (c), or (d) of this paragraph, the debtor shall file the appropriate motion, serve it on the Trustee, those creditors who are entitled to notice, and all persons requesting notice, and set the hearing on the court's calendar with notice required by FRBP 2002 and Local Bankruptcy Rule 9014-1.

18. Trustee is informed and believes that the debtor did not seek nor did she receive the consent of the Chapter 13 Trustee for this transfer.

19. Trustee asserts this transfer is void as it was done in violation of the Chapter 13 Plan provisions, was done without court authority, was done in violation of General Order 05-03, and was in violation of the automatic stay.

20. Trustee disputes the lien of the State of California as this lien is an obligation of Teddy A. Pinson, not the debtor. Trustee is requesting that this sale be free and clear of this disputed lien with the lien, if any, to attach to the proceeds.

21. Trustee plans to file an adversary proceeding to determine the nature extent and validity of these liens and interests which should be on file by the date of this hearing.

22. If this sale is approved, the Broker's commission will be evenly divided between Buyer's and Seller's brokers.

4

23. Trustee requests that the net proceeds be turned over to him after payment of the commission, costs of sale, real property taxes and other undisputed encumbrances. Trustee will place these funds in his fiduciary account pending further order of this court.

24. By separate motion, Trustee is requesting to surcharge the Debtor's exemption for the cost of disputing the interest of Teddy A. Pinson and the cost of the adversary proceeding which will be brought to resolve this dispute. For this reason Trustee is requesting that the exemption not be turned over to the Debtor until this motion is heard and decided.

25. Trustee has determined that there will be no adverse tax consequences.

26. Trustee believes that it is in the best interest of the estate and creditors to sell the property to Buyers on the terms stated in the Purchase Contract. Trustee does not believe he can receive a better price if the property stays on the market for a longer period of time.

27. Because the actual payoffs of the liens may vary up or down, the net to the estate may vary.

28. This offer is subject to higher and better bids received on or before the date of the hearing. All bids must have no contingencies. Potential bidders must bring certified funds in the amount of $5,000.00 made payable to JAMES E. SALVEN, Ch. 7 Bankruptcy Trustee of the Bankruptcy Estate of LINDA STEVENSON which is to be negotiated only if that bid is the highest bid. The initial overbid must be $10,000.00 and further bids must be in $5,000.00 increments. Potential bidders must also bring evidence of the availability of funds to pay the total purchase price of their bid. The balance of

the funds must be paid no later than 7 days after the entry of the Order approving the sale.

29. Trustee also requests that he be authorized to sign any and all documents to effectuate the sale and transfer to Buyer, including signing documents as to Teddy A. Pinson's alleged community interest in this property.

30. Trustee also requests that the ten day provision of Fed. B. Bankr. P. Rule 6004(h) be waived.

WHEREFORE, trustee prays as follows:

1. That the Motion be granted.

2. That Trustee be authorized to sell the Real Property to Gary Wedemeyer and Jodie and Eddie Huber, or nominee, for $520,000.00, on the terms set forth above, subject to higher and better bid at the hearing on the confirmation of the sale.

3. That this sale be free and clear of the purported interest of Teddy A. Pinson and the lien of Franchise Tax Board, with the interest and lien, if any, to attach to the proceeds.

4. That Trustee be authorized to pay to real estate broker(s) connected with this sale a commission of 6% of the gross sale amount to be split equally between buyer's broker and seller's broker.

5. That the net sales proceeds after payment of undisputed property taxes encumbrances, interests, and broker's commission and costs of sale be paid to the Trustee and maintained in his fiduciary account trustee account pending further order of the Court;

6. That the trustee hold the exempt portion of the proceeds pending resolution of his motion to surcharge debtor's exemption.

7. That the Trustee be authorized to sign any and all documents necessary to effectuate the sale and transfer of the

subject real property to Buyers, including signing documents required to transfer the alleged community interest of Teddy A. Pinson;

8. That the fourteen day provision of Fed.B.Bankr.P. Rule 6004(h) be waived; and

9. For such other and further relief as is just and proper.

Dated: 4-3-13

/s/ Trudi G. Manfredo
TRUDI G. MANFREDO, Attorney for Trustee

7